UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY RAY MORRISON,           )<br>                              )<br>        Petitioner,            )<br>                              )<br>        v.                     )<br>                              )<br>MAGGIE MILLER-STOUT,           )<br>                              )<br>        Respondent.            )<br>_____ ) | CASE NO.: C06-1609-TSZ-MAT<br><br><br>REPORT AND RECOMMENDATION |

### INTRODUCTION

Petitioner Larry Morrison is a Washington state prisoner who is currently serving a 198-month sentence for manufacturing methamphetamine and related charges. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed an answer and petitioner has filed a response. After considering the parties' submissions and the balance of the record, the court recommends that the petition be denied with prejudice.

### BACKGROUND

The Washington Court of Appeals summarized the facts in petitioner's case as follows:

> On January 30, 2001, Sergeant Sidell of the Valley Narcotics Enforcement Team received a tip from a confidential informant ("CI") that Morrison was staying in room 152 in Sea-Tac, Washington. The CI also informed Sgt. Sidell that Morrison had

large quantities of methamphetamine on his person and/or in one of two vehicles, a black Corvette and an SUV.

After conducting surveillance of the motel from January 30 until the morning of January 31, Sgt. Sidell relayed this information, along with information that Morrison had two outstanding warrants, to Deputy Matt Olmstead of the King County Sheriff's Office. At least one of the warrants was confirmed. Sgt. Sidell did not have contact with Morrison.

At 6:36 a.m. on the morning of January 31, 2004, several deputies from the King County Sheriff's Office observed Morrison leaving room 152 and attempted to arrest him. Morrison resisted and rammed his Corvette into two deputies' cars blocking the motel parking lot's exit. The deputies then arrested him and conducted a search incident to arrest, finding 5 grams of methamphetamine on Morrison's person and 9.5 ounces in the Corvette. Morrison was read his constitutional rights, waived them, and gave a taped statement admitting ownership of the methamphetamine, 5,000 pseudoephedrine tablets in his motel room, and two propane tanks of anhydrous ammonia in the Ford Explorer. Police officers found these items after obtaining a search warrant for Morrison's motel room and the Explorer. The search warrant did not state that Sgt. Sidell had received his information from a CI.

The trial court denied defendant's motion to compel disclosure of the CI's identity and twice denied defendant's motion to suppress all evidence as unlawfully seized.

*State of Washington v. Morrison*, Unpublished opinion, 121 Wash. App. 1037 (2004), 2004 WL 1045933 (Dkt. #16, Ex. 3 at 2).

The jury found petitioner guilty of manufacturing methamphetamine and possession with intent to manufacture or deliver methamphetamine. Petitioner was sentenced to 198 months in prison. (Dkt. #16, Ex. 1).

Petitioner appealed to the Washington Court of Appeals. The court affirmed petitioner's conviction in an unpublished opinion. (Dkt. #16, Ex. 3). Petitioner sought review in the Washington Supreme Court; that court denied review on March 29, 2005. (Dkt. #16, Ex. 11).

After his direct appeal had terminated, petitioner filed two personal restraint petitions ("PRP") in state court. The first was originally filed in the trial court as a motion to modify his

sentence, but then was transferred to the Washington Court of Appeals, which construed the motion as a PRP and dismissed it. (Dkt. #16, Ex. 16). Petitioner's second PRP was also dismissed. (Dkt. #16, Ex. 21). Petitioner sought review of the second dismissal in the Washington Supreme Court and that court denied review. (Dkt. #16, Ex. 23).

On November 13, 2006, petitioner filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. #4). After receiving an extension of time, respondent filed an answer, along with the state court record, on January 31, 2007. (Dkt #14). After receiving his own extension of time, petitioner filed a response to the answer on February 20, 2007 (Dkt. #19), and the matter is now ready for review.

## GROUNDS FOR RELIEF

Petitioner sets forth the following grounds for relief in his habeas petition:

1. [Petitioner's] Fourth Amendment Constitutional Rights under the United States Constitution were violated when the judge reviewing the affidavit for the search warrant failed to perform a proper analysis on a basis of knowledge for probable cause determinations and a veracity challenge on the credibility of the affiants' informant.

2. The trial court violated [petitioner's] due process and equal protection constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution when it abused its discretion by its unconstitutional expansion of the charging period jury instruction given to the jury.

(Dkt. #4, Memorandum at 3, 11).

## DISCUSSION

### Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state

REPORT AND RECOMMENDATION
PAGE -3

court's adjudication is *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Id.*  In addition, a habeas corpus petition may be granted if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)

In *Lockyer v. Andrade,* 538 U.S. 63 (2003), the Supreme Court examined the meaning of the phrase "unreasonable application of law" and corrected an interpretation by the Ninth Circuit which had equated the phrase with "clear error."  The Court explained the difference between the two phrases as follows:

> These two standards, however, are not the same.  The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness.  It is not enough that a federal habeas court, in its "independent review of the legal question" is left with a "firm conviction" that the state court was "erroneous." . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  *Rather, that application must be objectively unreasonable*.

538 U.S. at 68-69 (emphasis added; citations omitted).

REPORT AND RECOMMENDATION
PAGE -4

Thus, the Supreme Court has directed lower federal courts reviewing habeas petitions to be extremely deferential to decisions by state courts. A state court's decision may be overturned only if the application is "objectively unreasonable." 538 U.S. at 69.

<u>Petitioner's First Ground for Relief: Alleged Fourth Amendment Violation</u>

In his first ground for relief, petitioner alleges that the affidavit that served as the basis for the search warrant issued after his arrest was constitutionally defective. (Dkt. #4, Memorandum at 3-11). Petitioner's chief argument appears to be that the affidavit relied upon information provided by a confidential informant, but the affidavit failed to disclose the basis of the informant's knowledge. This omission, petitioner argues, violated principles established by the Supreme Court in *Aguilar v. Texas*, 378 U.S. 108 (1964).

Respondent argues that petitioner may not challenge the validity of the search warrant on habeas review because such challenges are precluded by *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court held that federal habeas review of a Fourth Amendment claim is barred unless petitioner can show that he was "denied an opportunity for full and fair litigation of that claim at trial and on direct review." 428 U.S. at 494 n.7. The Court reasoned that because Fourth Amendment claims turn on police misconduct and not on actual guilt or innocence, they have "no bearing on the basic justice of [one's] incarceration." 428 U.S. at 491-92 n.31. Accordingly, the Court ruled that, in general, habeas petitioners may not challenge their convictions based upon alleged violations of the Fourth Amendment.

Respondent asserts that the rules of criminal procedure in Washington provided petitioner with an opportunity for full and fair litigation of his Fourth Amendment claim in state court and that, therefore, he may not raise the claim here. (Dkt. #14 at 8, *citing* Wash. Crim. R. 3.6). In

addition, respondent contends that petitioner actually availed himself of this opportunity by bringing a motion to suppress evidence seized as a result of the search warrant in the trial court. Respondent cites portions of the transcript of proceedings before the trial court to support this contention. (Dkt. #16, Ex. 24 at 35-58 and Ex. 25 at 192-215).

Petitioner contends, in his response to respondent's answer, that his motion to suppress, while filed in the trial court, was never "argued" by his trial counsel nor was it ruled on by the state court. (Dkt. #19 at 3). He maintains that the parts of the trial court transcript cited by respondent do not address the particular issue he is attempting to raise here, *i.e.*, that the search warrant was defective because the affidavit upon which it relied omitted crucial information.

The court need not resolve whether the cited portions of the transcript specifically address the exact issue raised here by petitioner. The bar of *Stone v. Powell* does not apply solely to claims that are actually litigated but also to claims that could have been litigated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Because petitioner had a full and fair opportunity to present this claim in the state court, he is precluded under *Stone v. Powell* from raising it here on habeas review.[1]

<u>Petitioner's Second Ground for Relief: Alleged "Expansion of Charging Period"</u>

In his second ground for relief, petitioner appears to argue that the trial court violated his

---

[1] The court notes that in addition to the motion to suppress that he filed in the trial court, petitioner also had another opportunity to challenge the search warrant when he filed his second PRP in the Washington Court of Appeals. In his second PRP, petitioner challenged the search warrant indirectly by arguing that his trial counsel was ineffective for failing to correct alleged errors related to petitioner's criminal history, which were in the affidavit upon which the search warrant relied. (Dkt. #16, Ex. 18, Brief at 6-10). The Washington Court of Appeals rejected this challenge. (Dkt. #16, Ex. 21 at 4). Thus, petitioner had at least two opportunities in state court to raise the issue that he seeks to raise here.

due process rights when it answered a question from the jury that, petitioner contends, relieved the jury of its obligation to return a unanimous verdict. The jury was instructed that in order to convict petitioner, it had to find that the crime occurred "on or about January 31, 2002." During deliberations, the jury asked the court to explain what period of time the phrase "on or about" encompassed. (Dkt. #16, Ex. 27 at 627-46). After discussing the issue with the prosecutor and defense counsel, the trial court decided to equate the period to the statute of limitations applicable to the crime. (Dkt. #16, Ex. 27 at 629-30). Thus, the jury was instructed that "on or about January 31, 2002" meant that the crime could have occurred any time during the three years prior to February 1, 2002, the date that petitioner was charged. (*Id*. at 640). Petitioner argues that the trial court should have also instructed the jury that it had to agree unanimously on precisely which criminal acts petitioner had committed during that time period, in order to satisfy the constitutional requirement that a jury find that all elements of a crime have been proven.

Respondent argues in response that a jury instruction issue such as this one may not be reviewed by a federal habeas court because the issue relies solely upon an alleged violation of state law. However, the Ninth Circuit Court of Appeals recently reaffirmed that federal courts may review alleged errors made by state courts in issuing, or failing to issue, jury instructions. In *Sarausad v. Porter*, __ F.3d __, 2007 WL 675991 (March 7, 2007), the Ninth Circuit observed: "Clearly established Supreme Court case law specifies the standard for reviewing an ambiguous instruction: [W]e inquire whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution."    *Id.* at *10, *citing Estelle v. McGuire,* 502 U.S. 62, 72 (1991) (internal quotes and citation omitted).

Here, petitioner has not shown that the trial court's response to the jury's question created

REPORT AND RECOMMENDATION
PAGE -7

an opportunity for confusion that could have been rectified only by giving a unanimity instruction. First, petitioner does not argue or show that the jury was presented with evidence of any other acts performed by him, other than the series of acts he committed on January 31, 2002.[2] Second, the Washington Court of Appeals found that petitioner was charged with "an [ongoing] enterprise to manufacture drugs and make money, and no [unanimity] instruction was required." (Dkt. #16, Ex. 3 at 11). Thus, petitioner does not establish a reasonable likelihood that the jury was confused by the trial court's response and applied it in a way that violates the Constitution. Accordingly, the state court decision that rejected this claim was not objectively unreasonable, and petitioner's second ground for relief should be denied.

## CONCLUSION

For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be denied with prejudice. A proposed Order reflecting this recommendation is attached.

DATED this 29th day of March, 2007.

Mary Alice Theiler
United States Magistrate Judge

---

[2] The court notes that defense counsel commented, during the colloquy with the trial court on how to respond to the jury's question, that "I don't have any opportunity to think that there's any possibility that we're talking about something my client did two and a half years ago." (Dkt. #16, Ex. 27 at 634-35).